Georgiana H. JUNGELS, Plaintiff,

Paul Zarembka, Individually and on behalf of all academic and all professional employees with State University of New York employee contract(s) who are now, or will be forty (40) years of age or older while the State/ UUP 1995–1999 Agreement is "in effect" and all other similarly situated persons, and as a Representative Plaintiff under the Age Discrimination in Employment Act, Plaintiff–Appellant,

v.

State of NEW YORK, George E. Pataki, Governor, United University Professions, William E. Scheuerman, President, New York State United Teachers, Linda Agnello, Michael P. Rowan, Allen C. Demarco, Walter J. Pellegrini, Defendants–Appellees.

Docket No. 02–7205.

United States Court of Appeals, Second Circuit.

Nov. 1, 2002.

David M. Fish, Rosen, Leff, Esqs., Robert M. Rosen, Rosen, Leff, Esqs., Anna Marie Richmond, Buffalo, NY, on the brief, Hempstead, NY, for Plaintiff–Appellant.

Andrea Oser, Assistant Solicitor General, Eliot Spitzer, Attorney General, Daniel Smirlock, Deputy Solicitor General, on the brief, Albany, NY, for State Defendants–Appellees.

Anthony J. Brock James R. Sandner, on the brief, Albany, NY, for Union Defendants–Appellees.

Present MESKILL, NEWMAN and POOLER, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiff Paul Zarembka appeals the January 18, 2002, judgment of the United States District Court for the Western District of New York (John T. Curtin, Judge) dismissing his civil rights lawsuit for lack of subject matter jurisdiction. Zarembka, a tenured employee of the State University of New York ("SUNY"), filed a lawsuit on behalf of himself and a purported class of 10,000 tenured SUNY employees to challenge Article 36 of the collective bargaining agreement between the executive branch of New York State and United University Professions ("UUP" or "the union"). UUP is the union representing plaintiff and class members. Article 36, which is present in the collective bargaining agreements covering the periods 1995 to1999 and 1999 to 2003, permits the state to contract out for goods and services and entitles employees affected by the state's action to "redeployment consideration" or

transition benefits including retraining and education, severance pay, and employment with the contractor. According to plaintiff, Article 36 disparately impacts employees over age 40 and deprives employees of their property interests in their tenured jobs. In his second amended complaint, plaintiff brought causes of action under the Age Discrimination in Employment Act, 42 U.S.C. § 1983, and New York Human Rights Law. Plaintiff named both the state and UUP, as well as various individuals, as defendants. The state never has used or threatened to invoke Article 36 against any tenured SUNY employee. Both the state and union defendants moved to dismiss plaintiff's complaint pursuant to Fed. R.Civ.P. 12(b)(1) and (6). In a January 15, 2002, Decision and Order, the district court granted the motions without prejudice pursuant to Rule 12(b)(1) because Zarembka's claims were not ripe for judicial review. Plaintiff now appeals.

Because federal courts only may adjudicate actual cases or controversies pursuant to Article III of the Constitution, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). The ripeness doctrine is designed to prevent premature adjudication of abstract disagreements and "turns on 'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.' " *Pacific Gas & Elec. v. State Energy Res. Conservation and Dev. Comm'n,* 461 U.S. 190, 200–01, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983) (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)). It is sufficient if the injury plaintiff alleges is "certainly impending." *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) (quotation marks and citation omitted). Federal courts may not issue opinions "advising what the law would be upon a hypothetical state of facts." *Lewis,* 494 U.S. at 477, 110 S.Ct. 1249 (quotation marks and citation omitted). "When the events alleged in a plaintiff's cause of action have not yet occurred, a federal court is precluded from exercising subject matter jurisdiction because a real case or controversy does not exist for purposes of Article III." *Auerbach v. Board of Educ.,* 136 F.3d 104, 108–09 (2d Cir.1998).

Zarembka contends that his complaint satisfies these jurisdictional requirements because it presents a purely legal question and he will suffer hardship if adjudication is delayed because he "and the other 10,-000 tenured professionals are reasonably concerned about their future economic security, and Article 36 has a direct effect on their futures." We disagree. First, the question is not purely legal because the contracting out provision never has been invoked and the court has no way of knowing how the state would implement the provision. As Appendix A–27 to the collective bargaining agreement demonstrates, the procedures for redeploying contracted-out employees depend on the circumstances of the case, and it is impossible to anticipate whether an affected employee would lose tenure benefits. Contrary to plaintiff's claims on appeal, there is no facial inconsistency between Article 36 and N.Y. Educ. Law §§ 6210, 6212, which by their terms apply not to SUNY but to the City University of New York in any event.

Second, plaintiff failed to show any hardship or certainly impending injury. As the district court noted, the fact that defendants never invoked or even threatened to invoke Article 36 is highly probative of the speculative nature of Zarembka's claim.

Defendants point out that the next collective bargaining agreement may not contain the disputed provision. This is not a case like *Riva v. Commonwealth of Mass.*, 61 F.3d 1003, 1010–11 (1st Cir.1995), upon which plaintiff relies, because the future injury in *Riva* was relatively certain to occur. The only injury-in-fact that Zarembka alleges is the fear that class members will lose tenure if the state invokes Article 36, and this vague fear is insufficient to support a speculative claim. *See Auerbach*, 136 F.3d at 109 (holding that teachers' challenge to existing retirement plan was unripe and speculative because teachers had not yet retired, had suffered no loss in benefits, and a different plan might exist at the time of their actual retirement). Zarembka contends that the challenged provisions of the collective bargaining agreement currently deprive him of property without due process of law because they deny him tenure. Even if we were to assume that tenure, as distinguished from employment, is a property interest protected by the Fourteenth Amendment, the provisions do not say anything about tenure. The complaint provides no basis for entertaining a claim that tenure has now been lost. Moreover, a claim of current loss of a property interest in tenure without due process of law would encounter the objection that the challenged provision was negotiated and endorsed by the union that represents Zarembka. The tenure interest, if constitutionally protected and if impaired, which we do not decide, was not altered by any unilateral action of the state. The allegation of current loss of tenure fails to state a valid claim for relief. If tenure should be impaired in the future, the issue will then arise whether the impairment had been accomplished without due process of law.

Because we hold that plaintiff's claims are not ripe for review, we do not reach defendants' alternative arguments regarding 11th Amendment immunity for the state and the absence of Section 1983 liability for the union. We have considered all of plaintiff-appellant's remaining arguments and find them to be without merit.